MOHAMED ALI GHANEM

 Petitioner,

v.

THE STATE OF FLORIDA;
ROBERT BUTTERWORTH, ESQ.;
ATTORNEY GENERAL OF THE
STATE OF FLORIDA; and
THE FLORIDA MOTOR VEHICLE
THEFT PREVENTION AUTHORITY,

 Respondents.

_____/

IN THE UNITED STATES DISTRICT
COURT OF SOUTHERN DISTRICT OF
FLORIDA

CASE NO.: 00-6173 CIV-GRAHAM
MAGISTRATE JUDGE TURNOFF



# FIRST AMENDED PETITION FOR FEDERAL INJUNCTIVE RELIEF, A DECLARATORY INJUNCTION AND OTHER EQUITABLE RELIEF

## JURISDICTION

 Under the inherent powers doctrine, courts have the historic authority to grant such equitable relief as is necessary to protect the integrity of their judgments and the proceedings before them. This includes the power to set aside fraudulently begotten judgments, as well as the power to conduct independent investigations in order to determine whether the court has been the victim of fraud or deceit.

Chambers v. NASCO, Inc., 501 U.S. 32, 43-44, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991); See Winkler v. Eli Lilly and Co., 101 F.3d 1196 (7th Cir. 1996).

 "Anomalous jurisdiction is an equitable doctrine which allows a court to exercise jurisdiction based on its inherent authority over officers of the court." Hunsucker v. Phinney, 497 F.2d 29, 32 (5th Cir. 1974). In Re Stanford, 68 F.Supp.2d 1352, 1355 (N.D. Ga 1999).

 According to the above-referenced doctrine, a court may exercise jurisdiction in extraordinary circumstances where other bases for jurisdiction do not exist to prevent irreparable harm caused by

Page 1 of 8

APR 1 1 2000


Rec'd in MIA Dkt _____

an officer of the court. In re Grand Jury Proceedings, 115 F.3d 1240, 1246 (5th Cir. 1997). 28 U.S.C.A. §2283 states: "A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Younger v. Harris authorizes federal courts to enjoin a pending state criminal prosecution provided that it was: (1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstances creating a threat of 'irreparable injury' both great and immediate. 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 2d 669 (1871). "Even though Younger is an equitable doctrine, its application is mandatory," Phelps v. Hamilton, 59 F.3d 1058 (10th Cir. 1995).

## SUMMARY OF ARGUMENT

In 1992, Florida enacted Florida Statute §860-151 to §860-158, the 'Florida Motor Vehicle Theft Prevention Act'. This statute violated the Florida Constitution, Article 3, Section 6, the single subject rule. A surcharge of one dollar on every automobile registered in the State of Florida was intended to fund the Florida Motor Vehicle Theft Prevention Authority. Part of the money was allotted to the general fund; of the balance, seventy percent was used for juvenile grants and only 18 cents of the dollar was used to fund the Florida Motor Vehicle Theft Prevention Authority.

In comparison to other states with similar legislation, Florida's was woefully underfunded.

The prosecutor responsible for prosecuting the 'Ghanem case' in 1994, received one hundred percent of his salary by means of a grant from the Florid Motor Vehicle Theft Prevention Authority. The multi-agency task force investigating the case also received a substantial grant.

In order for those grants to continue in the future, it was necessary to obtain the maximum number of convictions and forfeitures.

It was also necessary to over-prosecute the defendants in order to comply with the eighth amendment as to excessive fines.

The decision was made to use the federal court system as an appendage of the State of Florida.

Further, great pressure was placed upon the defendants by filing state cases in federal court.

Since several of the defendants owned homes, the Florida homestead laws were avoided; perjury was encouraged and protected; Brady material was not disclosed; witnesses favorable to the defendants were threatened; ethnic and sexual slurs were commonplace; and the defendants were over-prosecuted.

## **PETITION**

COMES NOW the Petitioner, MOHAMED ALI GHANEM, and petitions this Honorable Court for injunctive relief, a declaratory judgment and such other relief as the court feels is equitable.

1. That Petitioner, MOHAMED ALI GHANEM, is a citizen of the country of Lebanon and resides legally as a resident of South Florida.

2. The State of Florida is a sovereign state of the United States of America and is bound to follow the laws and Constitution of the State of Florida and the United States of America.

3. The Defendant, the Honorable Robert Butterworth, is sued in his capacity as Attorney General for the State of Florida.

4. The Defendant, Attorney General Robert Butterworth, was at all times relevant hereto,

the duly elected, qualified and acting Attorney General of the State of Florida.

5. The Defendant, Florida Motor Vehicle Theft Prevention Authority is an agency existing under Florida Statute §860-151 to §860-158, and at all times mentioned hereto operated within the various counties throughout the State of Florida, including Broward and Palm Beach counties.

6. On or about the 19th day of December, 1995, the Petitioner, MOHAMED ALI GHANEM, was arrested (along with several other members of his family) and charged with four (4) counts of wire fraud in Federal Court pursuant to a federal indictment. The Ghanem family was simultaneously charged with fourteen (14) counts, including R.I.C.O., Grand Theft and Insurance Fraud, in State Court. The federal indictment upon which the federal case was initiated was subsequently dismissed.

7. That the fourteen count criminal case in state court, against these same defendants, concerned the same acts constituting the federal charges.

8. That in 1996, the State of Florida amended its State Court R.I.C.O. action from fourteen (14) to sixty-six (66) counts

9. The Florida Motor Vehicle Theft Prevention Authority is a creation of Florida Statute §860-151 to §860-158, and is controlled by the Attorney General of the State of Florida whose office also profits from this association by means of forfeitures.

10. Florida Statute § 860-151 to § 860-158 was clearly on its face unconstitutional on its face when the investigation against the Petitioner herein, as well as other members of his family commenced.

11. Florida Statute §860-151 to §860-158 offends Article 3 Section 6 of the Florida Constitution, since it violates the single subject rule of the Florida Constitution.

12. Approximately ten states have similar laws to Florida. The states laws are funded by means of a one dollar ($1.00) tax on every automobile <u>insured</u> in that State. In Florida, a different system is used. There is a one dollar ($1.00), surcharge on every automobile registered in the State of Florida.

13. In 1992, the State of Florida received the full dollar per vehicle registered. The statute was then amended so that after a part of the dollar was given to the general fund, of the remainder, seventy percent was used for funding juvenile grants, and thirty percent utilized by the Florida Motor Vehicle Theft Prevention Authority.

14. After a percentage of the surcharge is used by the general fund, seventy percent of the remainder used for juvenile funding the Florida Motor Vehicle Theft Prevention Authority only received eighteen percent of the total surcharge, this in comparison with other states with similar statutes.

15. The Florida Motor Vehicle Theft Prevention Authority is seriously underfunded, which fact was admitted in recent minutes of the meeting of the board.

16. During the investigation stage of this case, the Assistant State Attorney, Charles Vaughan Esquire, received his entire salary by means of a grant from the Florida Motor Vehicle Theft Prevention Authority.

17. The Broward County Auto Theft Task Force, the police force investigating the 'Ghanem' case, consisted of police from various agencies, including local police officers, federal officers and an Allstate Insurance Company officer. This task force also received a substantial grant from the Florida Motor Vehicle Theft Prevention Authority.

18. The insidious nature of these grants is the contingency nature of the grants, since the

recipients are forced to make the greatest amount of forfeitures and convictions in order to continue to receive the grants in future years.

19. Another constitutional conflict is the role of Allstate Insurance Company; Allstate Insurance Company was represented on the Florida Motor Vehicle Theft Prevention Authority; Allstate Insurance Company is represented on the Broward County Auto Theft Task Force; Allstate Insurance Company financed the initial investigation of the 'Ghanem' case; Allstate Insurance Company provided expert witnesses who examined and had custody of evidence in the 'Ghanem' case; Allstate Insurance Company was, the major alleged victim in the 'Ghanem' case; Allstate Insurance Company filed a complex civil lawsuit requesting money damages, only a week prior to the commencement of the criminal jury trial against this Petitioner.

20. The purpose and title of Florida Statute § 860-151 to §860-158 is 'Motor Vehicle Theft'. There has been far more emphasis on insurance fraud, which would appear to be ultra vires.

21. A direct consequence of this unconstitutional statute and the unconstitutional manner in which it was applied.

    a. Local state cases were filed in federal court;

    b. Unusual and great pressure was placed upon defendants to accept plea bargains in federal and state courts;

    c. The misuse of a federal grand jury, to hear local state cases;

    d. The unusual; rewards given to defendants who accepted plea bargains; ie., Nour Albandakji was rewarded with a Green Card, although there appears to be no basis for it;

    e. The use of perjury by a federal witness was protected by a state prosecutor;

    f. Constant, ethnic, sexual and malicious slurs by the prosecution and law

enforcement;

  g. The defendants were over-prosecuted in the State Court case, making it extremely difficult to impanel a jury due to the overwhelming number of counts in the amended information.

22. The majesty and integrity of the federal court system was violated where:

  a. John Berry, a known perjurer (called a perjurer by Assistant United States Attorney Lloyd King), a federal witness, was encouraged to commit perjury in state court;

  b. Nour Albandakji was also brought into federal court on state charges;

  c. Sergeant James Skellion, a City of Sunrise police officer, was the lead officer in both the state and federal cases against this Petitioner.

23. The Petitioner was prejudiced by the chain of events which solely evolved due to challenged constitutional statute and by the prosecutors' using the integrity of the federal court system to further interests of the state and its courts.

  WHEREFORE, the Petitioner prays for the following relief:

1. That this Honorable Court grant an injunction to stop the prosecution of the Petitioner in the Broward County Circuit Case No. 96-19226 CF 10A (C), before the Honorable Barry Goldstein;

2. That this Honorable Court declare Florida Statute §860-151 through §860-158 unconstitutional;

3. Any additional or alternative relief that this Court deem equitable.

MAURICE GRAHAM, P.A.
331 East Prospect Road
Oakland Park, Florida 33334
(954) 491-3737

BY: _____
Maurice Graham
Florida Bar No.: 180781

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: Charles Fahlbusch, Assistant Attorney General, attorney for the Respondents, 110 SE 6th Street, 10th Floor, Ft. Lauderdale, Florida 33301, via hand delivery, this 7th day of April, 2000.

_____
Maurice Graham