UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



MOHAMED ALI GHANEM,
    Plaintiff,               CASE NO. 00-6173-CIV-GRAHAM

v.

THE STATE OF FLORIDA;
ROBERT BUTTERWORTH, ESQ.,
ATTORNEY GENERAL OF THE
STATE OF FLORIDA; and
THE FLORIDA MOTOR VEHICLE
THEFT PREVENTION AUTHORITY,
    Defendants.
_____/

## MOTION TO DISMISS ON JURISDICTIONAL AND ABSTENTION GROUNDS AND MEMORANDUM IN SUPPORT

Defendants, THE STATE OF FLORIDA, (hereafter "State"), ROBERT A. BUTTERWORTH, ATTORNEY GENERAL OF FLORIDA (hereafter, "Attorney General) and THE FLORIDA MOTOR VEHICLE THEFT PREVENTION AUTHORITY (hereafter "Authority"), through undersigned counsel and pursuant to Rules 12(b), 65(a), 65(c), Fed.R.Civ.P. and Rule 7.1.C., S.D.Fla.L.R., move this court to dismiss this action against them and also oppose the Petitioner's prayer for an injunction. Defendants state:

    1. This case should be dismissed and any injunction denied because Petitioner

1

has failed to set forth or allege any ground for federal jurisdiction.

2. This Court should abstain pursuant to a number of applicable federal abstention doctrines, as set forth below.

## STATEMENT OF MATERIAL FACTS ALLEGED

Petitioner is a Lebanese citizen and resident of Florida. (Petition, 3, para. 1). It is unknown if he is the owner of any automobile registered in this State or has paid any surcharge, any portion of which was utilized by the Florida Motor Vehicle Theft Prevention Authority. (See, Petition 5, paras. 12-14). Petitioner is allegedly being prosecuted in Florida Courts on all or some portion of sixty-six (66) counts alleging crimes. (Petition, 4, para. 8). An Assistant State Attorney, who has been and may or may not presently be involved in the prosecution of this case, allegedly receives his salary by means of a grant from the Authority. (Petition, 5, para. 16). The Broward County Auto Theft Task Force, which has been and which may or may not be involved in the investigation of the case against Plaintiff, allegedly received, at some point, a substantial grant from the Authority. (Petition, 5, para. 17). Allegedly, Allstate Insurance Company is represented on the Authority and is represented on the Broward County Auto Theft Task Force. Allstate allegedly provided expert witnesses in the case involving the Petitioner, was the major alleged victim in the crimes with which he is charged and filed a lawsuit against some unknown persons or entities

requesting damages a week prior to the commencement of the criminal trial against the Petitioner. The Petitioner, in his Petition alleges the following, regarding the Florida Motor Vehicle Theft Prevention Act, §§ 860-151 through 860-148, Florida Statutes:

> 21. A direct consequence of this unconstitutional statute and the unconstitutional manner in which it was applied.
>
>    a. Local state cases were filed in federal court;
>
>    b. Unusual and great pressure was placed upon defendants to accept plea bargains in federal and state courts;
>
>    c. The misuse of a federal grand jury, to hear local state cases;
>
>    d. The unusual; rewards given to defendants who accepted plea bargains; ie., Nour Albandakji was rewarded with a Green Card, although there appears to be no basis for it;
>
>    e. The use of perjury by a federal witness was protected by a state prosecutor;
>
>    f. Constant, ethnic, sexual and malicious slurs by the prosecution and law enforcement;
>
>    g. The defendants were over-prosecuted in the State Court case, making it extremely difficult to impanel a jury due to the overwhelming number of counts in the amended information.
>
> 22. The majesty and integrity of the federal court system

was violated where:

    a. John Berry, a known perjurer (called a perjurer by Assistant United States Attorney Lloyd King), a federal witness, was encouraged to commit perjury in state court;

    b. Nour Albandakji was also brought into federal court on state charges;

    c. Sergeant James Skellion, a City of Sunrise police officer, was the lead officer in both the state and federal cases against this Petitioner.

23. The Petitioner was prejudiced by the chain of events which solely evolved due to challenged constitutional statute and by the prosecutors' using the integrity of the federal court system to further interests of the state and its courts.

    WHEREFORE, the Petitioner prays for the following relief:

    1. That this Honorable Court grant an injunction to stop the prosecution of the Petitioner in the Broward County Circuit Case No. 96-19226 CF 10A (C), before the Honorable Barry Goldstein;

    2. That this Honorable Court declare Florida Statute § 860-151 through § 860-158 unconstitutional;

    3. Any additional or alternative relief that this Court deem equitable.

(Petition, 6-7, paras. 21-23, final para.).

# MEMORANDUM OF LAW SUPPORTING MOTION TO DISMISS

## 1. This case should be dismissed and any injunction denied because the court lacks subject matter jurisdiction to consider this suit.

The Petitioner has failed to set forth any basis for this Court to assert jurisdiction over this matter. The jurisdiction of the United States District Court is limited to those actions set forth in 28 U.S.C. § 1330-1368. In the vast majority of cases, federal question jurisdiction under section 1331 exists only if federal law creates the plaintiff's cause of action. See Merrell Dow Pharmaceutical Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Moreover, the federal question jurisdiction must appear on the face of the complaint and the complaint must **identify the statutory or constitutional provision under which the claim arises** and allege sufficient facts to show that the case is one arising under federal law. See Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986). Here, of course, although the Petitioner certainly alleges that state statutes are unconstitutional, he fails to allege what provisions of the United States Constitution have been violated by these state statutes or how they were violated. [He does allege that Article 3, Section 6 of the Florida Constitution was violated, but,

5

rather clearly, federal jurisdiction may not rest on a state constitutional base.] The only federal statute even mentioned in the Petition is 28 U.S.C. § 2283, which prohibits a court of the United States from granting an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. However, this statute, the Anti-injunction Act, is not a jurisdictional statute and goes only to granting a particular form of equitable relief. See Matter of Mooney Aircraft, Inc., 730 F.2d 367, 372 (5th Cir. 1984).

Further, "Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court. If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim." United Air Lines, Inc. v. Division of Industrial Safety of California, 454 U.S. 944, 949, 102 S.Ct. 485, 488, 70 L.Ed.2d 255 (1981) (quoting Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 23697 L.Ed. 291 (1952)). It is respectfully submitted that, if this is the law regarding a **threatened** state action, the reasoning is even more compelling

when the action is **actually pending**.

Thus, where the Petitioner has been unable to identify a single constitutional provision or federal statute which has been violated, but nevertheless requests a declaratory judgment and injunction to prevent a state criminal prosecution from proceeding, he has failed to establish any basis for subject matter jurisdiction in a United States District Court.

**2. This Court Should Abstain.**

   **A. <u>Younger</u> abstention.**

The Supreme Court, in <u>Younger v. Harris</u>, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) held that the federal courts cannot enjoin pending criminal prosecutions in state courts except in extraordinary circumstances where irreparable injury would otherwise occur. This was extended, in <u>Sameuls v. Mackell</u>, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) to cover declaratory judgments which would have the same practical effect as such an injunction.

The Supreme Court, in <u>Middlesex County Ethics Committee v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982), determined that a three-part test should be applied to determine if <u>Younger</u> abstention is appropriate: (1) if state proceedings are ongoing, (2) if the state proceedings implicate important state interests, and (3) if the state proceedings afford adequate

opportunity to raise federal questions. It is apodictic that a criminal prosecution fulfills each of these requirements. Therefore, as Petitioner has noted, its application is mandatory. (Petition, 2), See Phelps v. Hamilton, 59 F.3d 1058, 1063 (10th Cir. 1995).

Although the Petitioner, in his Complaint, has referred to a number of authorities for the evident purpose of establishing jurisdiction against an abstention challenge, examination reveals that none of them are applicable to the situation herein. The Petitioner has not alleged sufficient facts to indicate, even generally, that the integrity of any judgment or ruling of this court has been challenged or fraudulently obtained, refuting any applicability of Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) or Windler v. Eli Lilly & Co., 101 F.3d 1196 (7th Cir. 1996). None of the defendants has been sued in a capacity as officers of this Court, refuting any jurisdiction based upon the power of the Court over its own officers pursuant to Hunsucker v. Phinney, 497 F.2d 29 (5th Cir. 1974), cert. denied, 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975); In re Stanford, 68 F. Supp. 2d 1352 (N.D. Ga. 1999) and In re Grand Jury Proceedings, 115 F.3d 1240 (5th Cir. 1997). Further, each of those cases urge that such "anomalous" jurisdiction be exercised with caution and restraint and the Fifth Circuit notes that its very existence has been questioned at 115 F.3d 1246. Further none of the cited cases

actually approved the exercise of such jurisdiction in the case concerned.

It appears obvious, on the face of the complaint, that Younger abstention is applicable and should be applied.

### B. Pullman abstention.

Petitioner has specifically alleged that the statutes concerned are unconstitutional under the Florida State Constitution. (Petition, 4, para. 11). However:

> Proper exercise of federal jurisdiction requires that controversies involving unsettled questions of state law be decided in the state tribunals preliminary to a federal court's consideration of the underlying federal constitutional questions. See Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed.2d 971. That is especially desirable where the questions of state law are enmeshed with federal questions. Spector Motor Service, Inc. v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101 . . .
>
> In such case, when the state court's interpretation of the statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily. Railroad Commission of Texas v. Pullman Co., supra, 323 U.S. 104–105, 65 S.Ct. 154. (other citations omitted).

City of Meridian v. Southern Bell Tel. & Tel. Co., 358 U.S. 639, 79 S.Ct. 455, 456-57, 3 L.Ed.2d 562 (1959).

Where there is no indication that the Petitioner has given the Florida trial and appellate courts an opportunity to rule on the state constitutional issue, Pullman abstention clearly applies.

### C. Rooker-Feldman abstention.

However, even if the Petitioner had raised the issues concerned in this action before Florida Courts and obtained a ruling, he would still be barred from raising these issues in this Court by the Rooker-Feldman doctrine:

> Lower federal courts possess no power whatsoever to sit in direct review of state court decisions. If the constitutional claims presented to a United States district court are inextricably intertwined with the state court's denial [of a claim] in a judicial proceeding . . . then the district court is in essence being called on to review the state-court decision. This the district court may not do.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n. 16, 103 S.Ct. 1303, 1315 n. 16 (1983). Such a review rests solely in the Unites States Supreme Court. Id.; Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923). Lower federal courts are precluded from review even if a Plaintiff failed to raise the constitutional claims in the state court if it is "inextricably intertwined" with the state court judgment. See Wood v. Orange County, 715 F.2d 1543, 1546 (11th Cir. 1983), cert. denied, 467 U.S. 1210 (1984). A federal claim is "inextricably intertwined" with a state court judgment, and therefore unreviewable even if they were not raised in the

state court, if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. See Datz v. Kilgore, 51 F.3d 252, 253-54 (11th Cir. 1995).

Thus, either the Petitioner has failed to raise his federal constitutional issues in the state criminal action, and Younger is applicable, or he has raised them (or could have), has lost, and is attempting to use this court as a "super-appellate" court, barred by Rooker-Feldman.

**D. Colorado River abstention.**

However, even if none of the above were true, Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) recognized a separate theory of abstention; deference to ongoing parallel state litigation. The Supreme Court held that, under limited circumstances, a federal court may stay or dismiss an action "on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. Id. at 424 U.S. 817, 96 S.Ct. 1246 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 S.Ct. 200 (1952). Six factors are to be considered in determining if such abstention as appropriate: (1) whether the state and federal courts have assumed jurisdiction over the same res; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4)

the relative progress in the state and federal proceedings; (5) whether federal or state law will apply; and (6) the adequacy of the state court to protect the parties' rights. American Bankers Ins. Co. of Florida v. First State Ins. Co., 891 F.2d 882, 884 (11th Cir. 1990) (citing Colorado River, 424 U.S. at 818, 96 S.Ct. at 1246; Moses H. Cone Memorial Hosp. v. Mercury Constr., 460 U.S. 1, 23, 26, 103 S.Ct. 927, 941, 942, 74 L.Ed.2d 765 (1983)). Given the existence of an ongoing state criminal prosecution and a separate civil case in which the Petitioner is free to raise each of the issues concerned herein, Colorado River abstention would also appear applicable.

### E. Burford abstention.

Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) established the principle that federal courts should exercise their discretionary power to refuse to hear cases that would impair the independence of state governments in carrying out their domestic policy. Id. at 318, 63 S.Ct. at 1099. Thus, Burford abstention is appropriate when exercise of federal review of the question in a case would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern. See Rindley v. Gallagher, 929 F.2d 1552 (11th Cir. 1991) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976)).

Here, the Petitioner has attacked not only a statute, but an entire statutory

scheme designed, ". . . to prevent, combat and reduce motor vehicle theft in Florida and to improve and support motor vehicle theft law enforcement, prosecution, and administration of motor vehicle theft laws by establishing statewide planning capabilities for and coordination of financial resources." (Petition), § 860.152-860.158, Florida Statutes (1999). Thus, where the Petitioner has chosen, not to simply allege that a statute is unconstitutional, or was unconstitutionally applied to him, but to attack an entire statutory scheme as unconstitutional on its face, <u>Burford</u> abstention would appear eminently applicable.

Therefore, even if it is considered that this Court would have subject matter jurisdiction of the face of the Complaint, numerous abstention principles should be applied to preclude the exercise of that jurisdiction where there are ongoing criminal and, evidently, civil cases against the Petitioner where the issues concerned herein could be raised.

THEREFORE, where the facts alleged by the Petitioner are insufficient to establish any basis for subject matter jurisdiction in this Court or, alternatively, are more than sufficient to establish that this Court should abstain from asserting

jurisdiction over the matter, this action should be DISMISSED.

Respectfully submitted,

ROBERT A. BUTTERWORTH
ATTORNEY GENERAL

*Charles M. Fahlbusch*
CHARLES M FAHLBUSCH
Assistant Attorney General
Florida Bar No. 0191948
Assistant Attorney General
Office of the Attorney General
110 S.E. 6th Street, 10th Floor
Ft. Lauderdale, FL 33301
(954) 712-4600
Fax: (954) 712-4700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to MAURICE GRAHAM, MAURICE GRAHAM, P.A., 331 East Prospect Road, Oakland Park, FL 33334, on this 20th day of April, 2000.

*Charles M. Fahlbusch*
CHARLES M. FAHLBUSCH
Assistant Attorney General